## TOWN OF POMFRET *v.* TOWN OF BARNARD.

*Exceptions.   Question of Fact.   Pauper.   Practice.*

In our practice, proceedings to revise a judgment of the county court by exceptions are similar to proceedings upon a writ of error, and are not like the proceedings upon exceptions in the English practice, which are heard before a full bench of the same court, and are treated like motions for a new trial.

This court cannot revise the finding of the county court upon matters of fact, although the whole testimony used is referred to and comes here as a part of the exceptions, however erroneous in the opinion of the conrt that finding may be.

The rule of law laid down in *Londonderry* v. *Acton,* 3 Vt., 122, approved.

APPEAL from an order of removal of Darius Parkhurst.  Trial by the court, May term, 1871, BARRETT, J., presiding.

The only question made on the trial was whether said pauper was likely to become chargeable.  On this issue evidence was given by both parties, *pro* and *con*, tending to maintain their respective sides of said issue.

The court held that what constitutes " likely to become chargeable " under our statutes is correctly stated in *Londonderry* v. *Acton,* 3 Vt., 129, viz : " That a person is not liable to be removed unless, at the time of making the order, there was a prospect or strong probability, arising from circumstances then existing, that he or his family would soon become chargeable to the town."  Adopting this view, the court found that the said pauper was not likely to become chargeable, and rendered judgment that the pauper was unduly removed.  To this the plaintiff excepted, on the ground that the court erred in adopting said view of the law.

The reporter's minutes of the evidence in this cause were appended and referred to as part of the case.

*Norman Paul* and *William Collamer,* for the plaintiff.

*Julius Converse,* for the defendant.

Pomfret *v.* Barnard.

The opinion of the court was delivered by

WHEELER, J.   In our practice under the statutes upon that subject, the proceedings to revise a judgment of a county court upon exceptions taken there and passed to the supreme court, are similar to the proceedings upon a writ of error, and are not like the proceedings upon exceptions in the English practice, which are heard before a full bench of the same court, and are treated like motions for a new trial.   Upon this bill of exceptions, although the whole testimony used in the county court is referred to and has come here as a part of the exceptions, the finding of the county court in matters of fact upon it cannot be revised in this court, however erroneous in the opinion of this court that finding might be.   The parties had the right to a trial of the facts by jury, and could agree to such a trial by the court.   They did agree to a trial by the court, and the result is as conclusive as if it had been reached by a trial by jury.   The only question revisable here is whether any error in law has produced the result reached, or contributed to it or not.   Upon the case shown by the exceptions, the county court must have found from the testimony that Darius Parkhurst, the person in question, was in such circumstances that there was neither a prospect nor any strong probability that either he or his family would soon become chargeable. Upon these facts neither he nor his family was removable under the statute.   The reasons for interpreting the statute to this effect are well stated in the opinion of Judge WILLIAMS, in *Londonderry* v. *Acton*, 3 Vt., 122, from which the county court adopted the rule, and there is no occasion now to say more than that that rule is approved of.   No question is made but that the county court was guided by correct rules of law in reaching the result that was reached, and no error of law in any respect is found.

Judgment affirmed.